IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ, DISTRICT 36<br>1515 Market Street, Suite 1000<br>Philadelphia, PA 19102 | : | CIVIL ACTION |
| | : | NO. |
| and | : | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32 BJ, DISTRICT 36 BUILDING OPERATORS WELFARE TRUST FUND<br>1515 Market Street, Suite 1000<br>Philadelphia, PA 19102 | : | 17  5380 |
| and | : | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ, DISTRICT 36 BUILDING OPERATORS PENSION TRUST FUND<br>1515 Market Street, Suite 1000<br>Philadelphia, PA 19102 | : | |
| and | : | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ, DISTRICT 36 BUILDING OPERATORS LEGAL SERVICE FUND<br>1515 Market Street, Suite 1000<br>Philadelphia, PA 19102 | : | |
| and | : | |
| WAYNE MACMANIMAN, JR., TRUSTEE<br>1515 Market Street, Suite 1000<br>Philadelphia, PA 19102 | : | |
| Plaintiffs,<br>v. | : | |

| | |
|---|---|
| **SHAMROCKCLEAN INC.**<br>10540 Belcher Road South<br>Largo, FL 33777<br><br>                              **Defendant.** | :<br>:<br>:<br>:<br>: |

# C O M P L A I N T

### The Parties

1.      The Plaintiffs in this action are Service Employees International Union Local 32BJ, District 36 ("Plaintiff Union"), an unincorporated labor organization within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, with its principal office located at 1515 Market Street, Suite 1000, Philadelphia, PA 19102, and the Service Employees International Union Local 32BJ, District 36 Building Operators Welfare Trust Fund; the Service Employees International Union Local 32BJ, District 36 Building Operators Pension Fund; the Service Employees International Union Local 32BJ, District 36 Building Operators Legal Service Fund ("Plaintiff Funds"), with their principal offices located at 1515 Market Street, Suite 1000, Philadelphia, PA 19102.  The Plaintiffs are due and owing the relief sought from ShamrockClean Inc. ("Defendant") as set forth below.  Plaintiff Union brings this action on its own behalf and on behalf of its members who are participants in and beneficiaries of various employee benefit plans within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002(3).

2.      Plaintiff, Wayne MacManiman, Jr., in his capacity as trustee, is a fiduciary within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquency contributions,

brings this action on behalf of all Plaintiff Funds having been so authorized by the Trustees of each of the Plaintiff Funds.

3. Defendant is a corporation doing business at 10540 Belcher Road South, Largo, FL 33777.

4. Defendant is engaged in commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. § 152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

5. Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act, and Section 301 of the LMRA, as amended, 29 U.S.C. §§ 152(2) and 185; and Section 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

## Jurisdiction & Venue

6. Jurisdiction in the District Court is proper pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. § 185, in that Defendant is an employer within the meaning of the LMRA, and has been and continues to be a party to a collective bargaining agreement(s), which form the basis of this litigation; and 28 U.S.C. § 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

7. Jurisdiction of the District Court is also proper pursuant to Section 502 and Section 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. The Eastern District of Pennsylvania is the proper venue under ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) because Plaintiff Funds are administered in this judicial district.

## Cause of Action

8. Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant make certain fringe benefit contributions to Plaintiff Funds and remit certain payments to Plaintiff Union.

9. Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports setting forth the hours worked by employees covered under the collective bargaining agreement(s), and to remit fringe benefit contributions to Plaintiff Funds, at rates commensurate with those required under the collective bargaining agreement(s), for all hours worked.

10. Notwithstanding the obligations contained in said collective bargaining agreement(s), Defendant has failed to remit fringe benefit contributions for the period of March 2016 to present, thus resulting in a delinquency in the amount of at least $1,344.96, which includes interest and liquidated damages. Documentation reflecting Defendant's delinquency owed to Plaintiffs is hereto attached as Exhibit "A".

11. These amounts may also change as Defendant makes or fails to make payments related to either additional or prior work performed under the collective bargaining agreement(s).

12. Defendant has been notified of the delinquencies, but has failed or refused to make appropriate and timely payments, or provide security, as required. A copy of Plaintiff's Counsel Notice to Employer sent on November 16, 2017 is attached hereto as Exhibit "B".

**WHEREFORE**, Plaintiffs request this Court to grant judgment against the Defendant and in favor of the Plaintiffs and to award relief as follows:

    a. Judgment in the amount of $1,344.96, or such other amount as may be due

and owing when this cause of action reaches judgment;

      b.    Reasonable counsel fees, interest and costs of suit, including costs of audit;

      c.    Injunctive relief ordering Defendant to remit employer reports, contributions, and other required payments in an accurate and timely fashion;

      d.    Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

      e.    An accounting of all amounts due to the various plaintiffs, based upon examination of the Defendant's payroll records; and

      f.    Other relief as the Court deems just and proper.

Respectfully submitted,

**SPEAR WILDERMAN, P.C.**

BY: _____
NICHOLAS J. BOTTA, ESQUIRE
SYRETTA J. MARTIN, ESQUIRE
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: November 30, 2017

4

# EXHIBIT "A"

**Shamrockclean, Inc.**
(222 Delaware Ave.)
10540 Belcher Rd. S.
Attn: Carl Shanahan
Largo, FL 33777

| Contractor No. | Bldg. Name | Work Period | Due Date | Delinquent Date | Contrib. Due | Contrib. Rec'd | Balance Due | Interest Due | Damages Due | Total Contrib./Int/LD | Contrib. Rec'd | Balance Due | # days |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0278B | 222 Delaware Ave. | 201603 | 4/15/2016 | 5/1/2016 | $56.50 | $0.00 | $56.50 | $4.54 | $8.48 | $69.52 | $0.00 | $69.52 | 579 |
| | | 201604 | 5/15/2016 | 6/1/2016 | $56.50 | $0.00 | $56.50 | $4.31 | $8.48 | $69.28 | $0.00 | $69.28 | 549 |
| | | 201605 | 6/15/2016 | 7/1/2016 | $56.50 | | $56.50 | $4.06 | $8.48 | $69.04 | $0.00 | $69.04 | 518 |
| | | 201606 | 7/15/2016 | 8/1/2016 | $56.50 | | $56.50 | $3.83 | $8.48 | $68.80 | $0.00 | $68.80 | 488 |
| | | 201607 | 8/15/2016 | 9/1/2016 | $56.50 | | $56.50 | $3.59 | $8.48 | $68.56 | $0.00 | $68.56 | 457 |
| | | 201608 | 9/15/2016 | 10/1/2016 | $56.50 | | $56.50 | $3.34 | $8.48 | $68.32 | $0.00 | $68.32 | 426 |
| | | 201609 | 10/15/2016 | 11/1/2016 | $56.50 | | $56.50 | $3.11 | $8.48 | $68.08 | $0.00 | $68.08 | 396 |
| | | 201610 | 11/15/2016 | 12/1/2016 | $56.50 | | $56.50 | $2.86 | $8.48 | $67.84 | $0.00 | $67.84 | 365 |
| | | 201611 | 12/15/2016 | 1/1/2017 | $56.50 | | $56.50 | $2.63 | $8.48 | $67.60 | $0.00 | $67.60 | 335 |
| | | 201612 | 1/15/2017 | 2/1/2017 | $56.50 | | $56.50 | $2.39 | $8.48 | $67.36 | $0.00 | $67.36 | 304 |
| | | 201701 | 2/15/2017 | 3/1/2017 | $56.50 | | $56.50 | $2.14 | $8.48 | $67.12 | $0.00 | $67.12 | 273 |
| | | 201702 | 3/15/2017 | 4/1/2017 | $56.50 | | $56.50 | $1.92 | $8.48 | $66.90 | $0.00 | $66.90 | 245 |
| | | 201703 | 4/15/2017 | 5/1/2017 | $56.50 | | $56.50 | $1.68 | $8.48 | $66.65 | $0.00 | $66.65 | 214 |
| | | 201704 | 5/15/2017 | 6/1/2017 | $56.50 | | $56.50 | $1.44 | $8.48 | $66.42 | $0.00 | $66.42 | 184 |
| | | 201705 | 6/15/2017 | 7/1/2017 | $56.50 | | $56.50 | $1.20 | $8.48 | $66.18 | $0.00 | $66.18 | 153 |
| | | 201706 | 7/15/2017 | 8/1/2017 | $56.50 | | $56.50 | $0.97 | $8.48 | $65.94 | $0.00 | $65.94 | 123 |
| | | 201707 | 8/15/2017 | 9/1/2017 | $56.50 | | $56.50 | $0.72 | $8.48 | $65.70 | $0.00 | $65.70 | 92 |
| | | 201708 | 9/15/2017 | 10/1/2017 | $56.50 | | $56.50 | $0.48 | $8.48 | $65.45 | $0.00 | $65.45 | 61 |
| | | 201709 | 10/15/2017 | 11/1/2017 | $56.50 | | $56.50 | $0.24 | $8.48 | $65.22 | $0.00 | $65.22 | 31 |
| | | 201710 | 11/15/2017 | 12/1/2017 | $56.50 | | $56.50 | $0.00 | $8.48 | $64.98 | $0.00 | $64.98 | 0 |
| | | | | | | | | | | | | $1,344.96 | |

# EXHIBIT "B"

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*
230 SOUTH BROAD STREET, SUITE 1400, PHILADELPHIA, PA 19102
TEL.: (215) 732-0101 FAX: (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
WILLIAM B. SANDERSON, JR *
NICHOLAS J. BOTTA
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON*

PA BAR EXCEPT:
* PA & NJ BAR
◊PA, NJ & DC BAR

NJ OFFICE:
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX: (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

LEONARD SPEAR
1923 - 2003

LOUIS H. WILDERMAN
1909 - 1993

November 16, 2017

***Via Certified Mail RRR & First Class Regular Mail***

Mr. Carl Shanahan
ShamrockClean Inc.
10540 Belcher Road South
Largo, FL 33777

      RE: **SEIU L. 32BJ, District 36 Benefit Funds - Delinquent Contributions**

Dear Mr. Shanahan:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that the Company has failed to remit required fringe benefit contributions to the legal services fund for work performed from March 2016 through October 2017. The Company owes the Funds a total of $1,344.96 consisting of unpaid fringe benefit contributions in the amount of **$1,130.00**, interest in the amount of **$45.46** through the present and liquidated damages in the amount of **$169.50**. A copy of the delinquent amounts is attached to this letter.

The Company's failure to remit the contributions when due constitutes a violation of both the collective bargaining agreement and federal law. The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of the delinquent amount owed. Accordingly, please be advised that legal action will be taken unless this matter is resolved within ten **(10) business days** from the date of this letter.

We urge you to take immediate steps to correct these arrearages to the Funds by making a payment to the Funds in the amount of **$1,344.96**.

*ShamrockClean Inc.*
*May 23, 2016*
*Page 2*

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

Nicholas J. Botta

NJB
Enc.

cc:     Chrissy Kobryn (via email)