IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERVICE EMPLOYEES | : | |
| INTERNATIONAL UNION LOCAL 32BJ | : | CIVIL ACTION |
| DISTRICT 36, et al., | : | |
|     Plaintiffs, | : | |
| | : | |
|   v. | : | |
| | : | |
| SHAMROCKCLEAN INC., | : | No. 17-5380 |
|     Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                              February 26, 2018

Plaintiffs allege that ShamrockClean Inc. violated the Employee Retirement Income Security Act ("ERISA") by failing to make contributions required under a collective bargaining agreement. Defendants have not responded to the Complaint, and the Clerk of the Court entered a default. Plaintiffs move for a default judgment. For the following reasons, the Court grants the motion.

## I.    BACKGROUND

Plaintiffs, an unincorporated labor organization, its multiemployer benefit plans, and its trustee, entered into a collective bargaining agreement with ShamrockClean, which required the company to make fringe benefit contributions to the plans. ShamrockClean has not made the required payments since at least March 2016. (Compl. at ¶ 10.)

After ShamrockClean failed to respond to both a notice of delinquency and a demand letter, Plaintiffs filed a complaint alleging that ShamrockClean had violated ERISA by not making the required fringe benefit contributions. (Mem. of Law in Supp. of Am. Mot. For

1

Default J. at 2 & 4; Compl. Ex. B.) ShamrockClean was served on December 15, 2017 (Affidavit of Service, ECF No. 3), but has not filed an answer or appeared. The Clerk of Court entered a default on January 12, 2018. ShamrockClean has also failed to respond to both the original motion for default judgment and the amended motion for default judgment, which were served on ShamrockClean on January 31, 2018 and February 12, 2018, respectively. (*See* Certificate of Service, ECF No. 7; Certificate of Service, ECF No. 11.)[1]

Plaintiffs seek $3,333.20 in all—$1,186.50 in unpaid contributions, $54.62 in pre-judgment interest, $178.08 in liquidated damages, $1,920 in attorney's fees and costs, and post-judgment interest of 4%.

## II.   STANDARD OF REVIEW

A court may order a default judgment after the Clerk of Court has entered a default. Fed. R. Civ. P. 55(b)(2). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The decision to grant a default judgment is within a court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Once a default judgment has been granted, the factual allegations contained in the complaint, aside from those relating to damages, are accepted as true. *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009). The court need not accept the plaintiff's legal conclusions, however. *Id.*

---

[1] The Court notes that ShamrockClean's history in this District is not squeaky clean; a default judgment was previously entered against ShamrockClean after it failed to appear in a similar action brought by Plaintiffs. *See Serv. Emps. Int'l Union Local 32BJ, Dist. 36 v. ShamrockClean Inc.*, Civ. A. No. 16-3374, 2016 WL 7178418 (E.D. Pa. Dec. 9, 2016).

## III. DISCUSSION

### A. Default Judgment

ERISA requires that an employer make contributions to a multiemployer plan under a collective bargaining agreement pursuant to the terms of that agreement. 29 U.S.C. § 1145. Plaintiffs allege that ShamrockClean is required to submit monthly reports of the hours worked by employees covered under the collective bargaining agreement and to make fringe benefit contributions to the multiemployer plans. ShamrockClean has not made the required contributions since at least March 2016. Plaintiffs notified ShamrockClean of its delinquency by letter on November 16, 2017. ShamrockClean has not responded to that letter or this litigation.

Application of the *Chamberlain* factors suggests that a default judgment is proper here. First, Plaintiffs will suffer prejudice if a default judgment is not granted, as ShamrockClean has not made its required payments for nearly a year, even after receiving notice of its delinquency, a complaint, and entry of a default. Plaintiffs specifically allege that its pension, health, and welfare plan participants may be injured when the plans become underfunded. (Am. Mot. for Default J. at 3–4); *see also Carpenters Health & Welfare Fund v. Bold & Clauss Constr., Inc.*, Civ. A. No. 05-4858, 2006 WL 782051, at *2 (E.D. Pa. Mar. 23, 2006) (noting prejudice arising from delinquent contributions to multiemployer plans).

Second, ShamrockClean has not asserted a meritorious defense, as it has failed to make an appearance. Without one, the Court cannot infer a defense. *See Einhorn v. Klayman Produce Co.*, Civ. A. No. 13-1720, 2013 WL 6632521, at *4 (E.D. Pa. Dec. 17, 2013).

Finally, ShamrockClean's failure to respond is "culpable conduct." ShamrockClean has not appeared in this action and has ignored repeated notices of its delinquency. The Court therefore finds that ShamrockClean's conduct is culpable and weighs in favor of granting a

default judgment. *See Bricklayers & Allied Craftworkers Local 1 of PA/DE v. WaterControl Servs., Inc.*, Civ. A. No. 09-3935, 2012 WL 3104437, at *6 (E.D. Pa. July 30, 2012). Accordingly, based on the *Chamberlain* factors, the Court will grant a default judgment.

**B. Damages**

A party moving for default judgment may prove its damages through an affidavit. *E. Elec. Corp. of N.J.*, 657 F. Supp. 2d at 552. Plaintiffs' counsel has submitted a certification of the amount due, which consists of $1,186.50 in unpaid contributions, $54.62 in pre-judgment interest, $178.08 in liquidated damages, and post-judgment interest of 4%.[2] (Certification of Amount Due in Supp. of App. for Default J., ECF No. 10-1.) Plaintiffs' counsel has certified that the amounts requested are based on a review of the employer's records and provided the Court with a record of ShamrockClean's monthly delinquency from April 2016 through December 2017. (Certification of Amount Due in Supp. of App. for Default J., at 1; Compl. Ex. A.) These damages are all authorized by ERISA. *See* 29 U.S.C. § 1132(g)(2); *see also Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds, Elevator Constructors Annuity v. Hyform Splicing, LLC*, Civ. A. No. 15-549, 2015 WL 6750783, at *3 (E.D. Pa. Nov. 5, 2015) (awarding post-judgment interest). Except as discussed below, these amounts appear to be consistent with the collective bargaining agreement and will be awarded.

Plaintiffs' requested damages appear to overlap with damages previously awarded in a prior default judgment in a case between the same parties. In that action, Plaintiffs requested and received damages related to ShamrockClean's delinquency from December 2015 through the date of that complaint, June 24, 2016. *See* Compl. at ¶ 10, *Serv. Emps. Int'l Union Local 32BJ, Dist. 36 et al. v. ShamrockClean Inc.*, Civ. A. No. 16-3374 (E.D. Pa. June 24, 2016), ECF No. 1

---

[2] Plaintiffs incorporated the rate prescribed under 26 U.S.C. § 6621(a).

(alleging that "Defendant has failed to remit fringe benefit contributions for the period of December 2015 to present"); *Serv. Emps. Int'l Union Local 32BJ, Dist. 36 et al. v. ShamrockClean Inc.*, Civ. A. No. 16-3374, 2016 WL 7178418 (E.D. Pa. Dec. 9, 2016) (granting a default judgment and awarding the entire amount requested by Plaintiffs). In the present action, Plaintiffs have requested damages from April 2016 through the date of the Complaint. Thus, Plaintiffs seek damages for the months of April, May, and June of 2016 that were previously awarded.

Although a damage calculation need not meet a standard of mathematical certainty, the party moving for a default judgment bears the burden of showing damages and a court is not required to accept its claims as true. *See E. Elec. Corp. of N.J.*, 657 F. Supp. 2d at 552. Because Plaintiffs have not noted or explained this apparent redundancy, the Court will not award the damages requested for the months of April through June of 2016. Accordingly, the Court will subtract $207.84 from its award. (*See* Compl. Ex. A (alleging a total of $207.84 in damages from April 15 through June 15).)

Additionally, Plaintiffs seek $1,920 in attorney's fees and costs. ERISA requires that a defendant pay the "reasonable attorney's fees and costs" of enforcing a claim for unpaid contributions. 29 U.S.C. § 1132(g)(2)(D). To evaluate the reasonableness of counsel's requested fees, a court uses the lodestar method, whereby it determines a reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). However, in calculating the lodestar, "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 211 (3d Cir. 2000); *see also Thompson v. Cent. Sec.*

*Agency, Inc.*, Civ. A. No. 98-2474, 1999 WL 257660, at *1, 2 (E.D. Pa. Apr. 29, 1999) (applying prohibition of *sua sponte* reductions in attorney's fee requests to a default judgment).

Although Plaintiffs' counsel submitted records supporting $1,791.50 in attorney's fees, it has discounted its request to $1,000. In calculating the request, Plaintiffs have applied hourly attorney rates of $200 and $225, and $110 per hour for a paralegal. The Court finds this request to be reasonable. As ShamrockClean has declined to object to the requested fees (or otherwise appear in the action), the Court will award $1,000 in attorney's fees.

Plaintiffs also seek to recover the $400 filing fee and $520 in costs in serving ShamrockClean, which includes one failed attempt because Defendant refused to accept service. These costs are recoverable under 29 U.S.C. § 1132(g) and the Court finds them reasonable. *See, e.g.*, *Trs. of Nat. Elevator Indus. Pension, Health Ben., Educ. Funds, Elevator Constructors Annuity & 401(K) Ret. Plan v. Hughes Elevator Cab Co.*, Civ. A. No. 05-3704, 2009 WL 2513588, at *1 n.3, 4 (E.D. Pa. Aug. 13, 2009).

Finally, Plaintiffs request that the Court order an audit of ShamrockClean's records in order for Plaintiffs to apply for an amendment of this judgment, which they may then register with another court "regardless of whether the time for appeal has expired." In addition to the damages discussed above, ERISA instructs a court to order "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). This may include an audit where the trust agreement gives the trustee the right to audit a company's records. *See Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 867 (E.D. Pa. 2015). Plaintiffs have not provided the Court with the entire trust agreement or otherwise supported their request for an audit. *Cf. id.* (ordering an audit after reviewing trust agreement and finding that an audit was necessary); *Bd. of Trs. of the Laborers*

*Dist. Council Constr. Indus. Pension Fund v. Phillips Enter., Inc.*, Civ. A. No. 15-06490, 2016 WL 2939509, at *4 (E.D. Pa. May 20, 2016) (same). Therefore, the Court declines to order an audit and opportunity for amendment.

## IV. CONCLUSION

Plaintiffs are entitled to a default judgment and an award of $3,125.36. An Order consistent with this Memorandum will be docketed separately.